## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **ASHLEY GARCIA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO.** |
| **v.** | § | |
| | § | **4:24-CV-01256-P** |
| **O'REILLY AUTO ENTERPRISES, LLC** | § | |
| **D/B/A O'REILLY AUTO PARTS,** | § | |
| | § | |
| **Defendant.** | § | |

### PLAINTIFF'S FIRST AMENDED COMPLAINT

### I.

### INTRODUCTION

Plaintiff Ashley Garcia files this First Amended Complaint against Defendant O'Reilly Auto Enterprises, LLC d/b/a O'Reilly Auto Parts ("O'Reilly" or "Defendant").

## II.

## PARTIES

1.      Plaintiff is an individual and a citizen of Tarrant County, Texas.

2.      Defendant O'Reilly is a company organized under the laws of the state of Delaware with its principal place of business located at 233 South Patterson Avenue, Springfield, Missouri 65802.

3.      O'Reilly was served with a summons and copy of this lawsuit on December 27, 2024.

4.      O'Reilly filed a responsive pleading, a Motion to Dismiss and Brief in Support (Dkt. No.'s 8 and 9) on January 31, 2025.

## III.

## JURISDICTION

5.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff asserts a claim arising under federal law.

6.      O'Reilly employs the requisite number of employees for coverage under the relevant federal acts upon which Plaintiff's claims are based.

## IV.

## VENUE

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Tarrant County.

8.      Tarrant County lies within the Fort Worth Division of the Northern District of Texas, as set forth in 28 U.S.C. § 124(a)(2).

## V.

## BACKGROUND FACTS

A. **While a Minor, Plaintiff is Sexually Harassed by O'Reilly Supervisor Ismael Vazquez**

9.      Plaintiff worked for O'Reilly at its Auto Parts store located at 2251 Mansfield Highway, Fort Worth, Texas 76119.

10.      Plaintiff first started working at the store in March 2022, when she was seventeen years old and still in high school, until she was wrongfully terminated on or around June 15, 2023.

11.      In the Spring of 2022, Plaintiff was sexually harassed by Supervisor Ismael Vazquez for several weeks.

12.      During this time, Vazquez made multiple sexual advances to Plaintiff, including telling her she should make pornography for the OnlyFans website and "We're guys, we're thirsty as f-ck, you have a p-ssy of course we're gonna stare."

13.      Plaintiff was present when her coworker Armando Ibarra reported this harassment to Manager Eddie Montoya.

14.      Despite this report, Vazquez continued harassing Plaintiff.

15.      Despite receiving complaints about Vazquez's harassing conduct in Plaintiff's store, O'Reilly failed to take appropriate remedial action and/or implement adequate safeguards to protect Plaintiff and other employees from future harassment.

16.      O'Reilly's failure emboldened Plaintiff's next superior, Eddy Medina, who engaged in even more egregious conduct when he became Plaintiff's supervisor.

B. **New O'Reilly Assistant Manager Eddy Medina Sexually Harasses Plaintiff**

17.     In or around November 2022, new Assistant Manager Eddy Medina, approximately twenty-six years old, started sexually harassing Plaintiff.

18.     For example, Medina told Plaintiff that he was going to get her initials shaved into his next haircut, referred to her mother as his mother-in-law, told her that there was "nothing wrong with a girl wanting a grown-up d-ck."

19.     Medina also told Plaintiff he would "catch a case for [her]" because she was still 17 years old.

20.     Medina also talked about the underwear Plaintiff was wearing.

21.     Plaintiff was present when Ibarra reported this harassment to Montoya as well.

22.     Plaintiff reported this harassment to O'Reilly's corporate office herself in or around March 2023, and again in June 2023.

23.     Upon information and belief, Medina was arrested for Assault Causes Bodily Injury/Family Violence and FTA/Smuggling of a Person in March 2024.

**C.     O'Reilly Fires Plaintiff For a Pretextual Reason About Two Weeks After Plaintiff Reports Medina Sexually Harassing Her**

24.     In or around June 2023, Plaintiff told O'Reilly's investigator that Medina had sexually harassed her.

25.     Within approximately two weeks of reporting Medina's harassment – and immediately after O'Reilly's internal investigation concluded – O'Reilly terminated Plaintiff's employment for a pretextual reason.

26.     Defendant told Plaintiff she was being terminated supposedly for an infraction that occurred several months prior and for which she had already been disciplined.

## VI.

## CONDITIONS PRECEDENT

27.     Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission, and this Charge was dual-filed with the Texas Workforce Commission.

28.     The Charge was filed within 180 days after the date on which the complained of employment practices were committed.

29.     The EEOC issued a Notice of Right to File A Civil Action on September 30, 2024.

30.     Plaintiff has timely exhausted all administrative remedies.

## VII.

## CAUSES OF ACTION

**A.     First Cause of Action—Sex Discrimination/Sexual Harassment—Hostile Work Environment—Title VII**

31.     Plaintiff incorporates each of the foregoing paragraphs.

32.     O'Reilly discriminated against Plaintiff because of Plaintiff's sex, and subjected Plaintiff to a sexually hostile work environment.

33.     From November 2022 through the end of his employment, Medina's harassing conduct permeated Plaintiff's workplace with discriminatory intimidation, ridicule, and insult, and was sufficiently severe and pervasive to alter the conditions of Plaintiff's employment and create an abusive working environment.

34.     Plaintiff does not assert a separate claim for the harassment inflicted upon her by Vazquez, but offers it as evidence of notice to O'Reilly and its failure to take appropriate measures to prevent further harassment of Plaintiff by her superiors.

35.     O'Reilly's actions violated 42 U.S.C. § 2000e-2(a).

**B.     Second Cause of Action—Unlawful Retaliation—Title VII**

36.     Plaintiff incorporates each of the foregoing paragraphs.

37.     Plaintiff engaged in protected activity as set forth in 42 U.S.C. § 2000e-3(a).

38.     In direct response to Plaintiff's protected activity, and but-for her complaint about Medina and Vazquez's harassment, O'Reilly retaliated against Plaintiff by terminating her employment for a pretextual reason.

39.     O'Reilly's actions violated 42 U.S.C. § 2000e-3(a).

## VIII.

## DAMAGES

40.     Plaintiff incorporates each of the foregoing paragraphs.

41.     O'Reilly's actions violated 42 U.S.C. § 2000e-2(a) and 42 U.S.C. § 2000e-3(a), which entitles Plaintiff to recover from Defendant back pay, front pay, as well as pre-judgment and post-judgment interest.

42.     Plaintiff is also entitled to recover from Defendant compensatory damages as provided for under 42 U.S.C. § 1981a(a)(1).

43.     Because O'Reilly had actual knowledge of both Vazquez and Medina's harassment and willfully failed to prevent it, and because it's retaliation against Plaintiff was deliberate and malicious, Plaintiff is entitled to recover from Defendant punitive damages as provided for under 42 U.S.C. § 1981a(a)(1) and (b)(1).

44.     Plaintiff seeks all damages available under federal law.

## IX.

## ATTORNEYS' FEES AND COSTS

45.    Plaintiff incorporates each of the foregoing paragraphs.

46.    Plaintiff retained the services of undersigned counsel to prosecute Plaintiff's claims.

47.    Pursuant to 42 U.S.C. § 2000e-5(k), Plaintiff is entitled to recover a reasonable attorneys' fee from Defendant, including reasonable expert fees and costs.

## X.

## RESPONDEAT SUPERIOR

48.    Plaintiff incorporates each of the foregoing paragraphs.

49.    Defendant is liable for the acts and/or omissions of its respective agents, representatives, employees, servants, and officers.

## XI.

## INJUNCTIVE AND DECLARATORY RELIEF

50.    Plaintiff incorporates each of the foregoing paragraphs.

51.    Plaintiff requests the Court enter an order providing injunctive and declaratory relief including, but not limited to:

a.    Prohibiting Defendant from engaging in unlawful discrimination;

b.    Reporting to the Court on the manner of compliance with the terms of a final order issued by this Court;

c.    Paying court costs;

d.    A declaration that Defendant violated Plaintiff's rights under federal law, engaged in unlawful employment discrimination, and considered an illegal factor in terminating Plaintiff's employment; and

e.    Any additional equitable relief as the Court deems proper.

## XII.

## JURY DEMAND

52.    Plaintiff incorporates each of the foregoing paragraphs.

53.    Plaintiff demands a trial by jury.

## XIII.

## CONCLUSION AND PRAYER

54.    Plaintiff respectfully requests that O'Reilly be cited to appear and answer, and

that upon final trial of this matter, the Court enter judgment awarding Plaintiff:

   A.    Back pay and front pay (including benefits);

   B.    Compensatory damages;

   C.    Punitive damages;

   D.    Injunctive and declaratory relief, including but not limited to, an
          Order:

   a.    Prohibiting Defendant from engaging in unlawful
          discrimination;

   b.    Reporting to the Court on the manner of compliance with
          the terms of a final order issued by this Court;

   c.    Paying court costs;

   d.    A declaration that Defendant violated Plaintiff's rights
          under federal law, engaged in unlawful employment
          discrimination, and considered an illegal factor in
          terminating Plaintiff's employment; and

   e.    Any additional equitable relief the Court deems proper;

   E.    Courts costs;

   F.    Pre-judgment and post-judgment interest at the rate set by law; and

   G.    All legal or equitable relief this Court deems proper.

Respectfully submitted,


/s/ Javier Perez
JAVIER PEREZ
Texas Bar No. 24083650
javier@javierperezlaw.com
**PEREZ LAW PLLC**
One Energy Square
4925 Greenville Avenue, Suite 1450
Dallas, Texas 75206
214-499-0667 / 214-550-2566 (Facsimile)
**ATTORNEY FOR PLAINTIFF**